UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMANDA OCAMPO TELLO,

     Petitioner,

v.                                       CASE NO. 6:05-cv-1282-Orl-19JGG
                                       (6:91-cr-074-Orl-19JGG)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Amanda Ocampo Tello (Doc. No. 1). The Government filed a timely response to the motion (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 10).

*Procedural History*

On August 20, 1991, a federal jury found Petitioner guilty of conspiring to possess with intent to distribute 830 kilograms of cocaine hydrochloride (count one) and aiding and abetting an attempt to possess with intent to distribute approximately 300 kilograms of cocaine hydrochloride (count four). (Criminal Case No. 6:91-cr-074-Orl-19JGG, Doc. No. 250).[1] Petitioner was sentenced to a 235 month term of imprisonment, followed by a five year term of supervised release. (Criminal Case Doc. No. 301.) The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence, *United States v. Giraldo-Zuluaga*,

_____

[1]Criminal Case No. 6:91-cr-074-Orl-19JGG will be referred to as "Criminal Case."

46 F.3d 69 (11th Cir. 1995), and, on October 2, 1995, the United States Supreme Court denied

her petition for certiorari.  *Ocampo-Tello v. United States*, 516 U.S. 878 (1995).

On June 6, 1996, Petitioner filed a motion for immediate deportation, which was

denied on June 12, 1996.  (Criminal Case Doc. Nos. 398 and 410.)  Petitioner next filed a

motion for return of seized property on June 24, 1997, which was denied on July 10, 1997.

(Criminal Case Doc. No. 432.)  Petitioner filed a motion for reduction of sentence on

January 31, 2002, which was denied on April 3, 2002.  (Criminal Case Doc. No. 470.)

*Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or

correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The Government contends that Petitioner's motion is subject to dismissal

because it was not timely filed under the one year limitation of § 2255.

The time limitation of § 2244(d) went into effect on April 24, 1996. Thus, a prisoner, like Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, to file a § 2255 motion regarding such conviction. *Goodman v. United States*, 151 F.3d 1335, 1337-38 (11th Cir. 1998) (prisoners whose convictions became final before the effective date of the AEDPA must be given until April 23, 1997, to file their § 2255 motions).

Petitioner's motion was filed on August 25, 2005, under the mailbox rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing). Since the one year period of limitation ran on April 23, 1997, Petitioner's August 25, 2005, motion was not timely filed. Accordingly, Petitioner's § 2255 motion must be denied as untimely.

However, Petitioner contends that subsection four, which provides for a later starting date when "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," applies. According to Petitioner, the one year did not begin to run until she discovered the basis for her claims; however, she never identifies a specific date. The Court finds that this argument is clearly without merit.

In her § 2255 motion, Petitioner raises ineffective assistance of counsel and the applicability of the case of *United States v. Booker*, 125 S. Ct. 738, 746 (2005). The factual predicates underlying Petitioner's claims could have been discovered with due diligence as of the date of Petitioner's sentencing. "[T]he postponed accrual provision of Section 2255(4) does not postpone the accrual of limitations based on a pro se litigant's or an attorney's belated discovery or realization of the legal consequences of known facts.

3

Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999); *see also Harold v. United States*, 932 F. Supp. 705, 706 (D. Md. 1996) ("The relevant question under subsection (4) is the date on which the facts supporting a claim could have been discovered through the exercise of due diligence, not the date on which it dawns on the defendant that those facts amount to ineffective assistance of counsel."), *vacated on other grounds*, 162 F.3d 1156 (4th Cir. 1998). Section 2255(4) is inapplicable to this case.[2]

Any of Petitioner's allegations that attempt to excuse her failure to file the instant motion within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

---

[2]Similarly, equitable tolling does not afford Petitioner any relief. The Eleventh Circuit Court of Appeals has recognized the applicability of equitable tolling to habeas proceedings; however, such tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998). Petitioner has not asserted any allegations that rise to the level of "extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence."

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Amanda Ocampo-Tello (Doc. No. 1) is **DENIED,** and this case is **DISMISSED** with prejudice.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:91-cr-074-Orl-19JGG and to  terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 477) pending in that case.

4.      Petitioner's motion requesting status of case (Doc. No. 11) is **DENIED** as moot.

**DONE AND ORDERED** at Orlando, Florida, this _11th____ day of September, 2006.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 9/11
Amanda Ocampo-Tello
Counsel of Record